UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAN JESUS GONZALEZ-QUIROZ (1)<br><br>Defendant. | Case No.:  18-CR-4517 (DMS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582** |

On April 29, 2020, Defendant Alan Jesus Gonzalez Quiroz filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  On May 22, 2020, the Court denied that motion without prejudice for failure to exhaust administrative remedies.  Having now exhausted his administrative remedies, Defendant renews his motion to reduce sentence.  The United States filed a response indicating its non-opposition.  For the following reasons, the motion is granted.

**I.**

**BACKGROUND**

On September 22, 2018, Defendant was arrested at a Border Patrol checkpoint near Niland, California, while driving a vehicle with approximately three kilograms of heroin concealed inside.  (Presentence Investigation Report, ("PSR"), ECF No. 37, at ¶¶ 4–5.) Defendant was charged with possession of heroin with intent to distribute and pleaded

guilty on December 20, 2018. (*Id.* at ¶¶ 1–2.) The Court sentenced Defendant to 18 months of imprisonment, followed by three years of supervised release. (ECF No. 70.) Defendant surrendered on August 29, 2019 and is currently incarcerated at USP Tucson. (*Id.*) Defendant has had no disciplinary actions while in BOP custody. He was originally scheduled to be released on October 18, 2020 but has qualified for early release to a halfway house. (Mot. to Recon., ECF No. 81, at 2, 21.) He is currently in quarantine in anticipation of his transfer from USP Tucson to RCC Brawley, a halfway house in Brawley, CA. (*Id.* at 2.) There is at least one documented case of COVID-19 at the Brawley facility. (*Id.*)

Defendant suffers from several conditions that the Centers for Disease Control and Prevention ("CDC") identifies as presenting heightened risk for serious illness from COVID-19, including obesity, hypertension, and fatty liver disease. *See Groups at Higher Risk for Serious Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Due to the risks associated with COVID-19 and the inability to socially distance in a custodial setting, Defendant now seeks a reduction of his sentence to time served, or in the alternative, to home confinement for the duration of his sentence. The Government does not oppose Defendant's motion, but requests Defendant spend the remainder of his term in home confinement subject to certain conditions.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") expressly permits a court to modify a prison sentence. *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for compassionate release after exhausting the Bureau of Prison ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582 (c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (quoting *Brown v. United States*, 411 F. Supp. 3d 446, 352 (S.D. Iowa 2019) (internal quotation marks omitted)).

There is no dispute Defendant has now exhausted his administrative remedies. (Mot. to Recon. at 2-3.) Accordingly, the Court may consider the applicable standards set forth in Section 3553(a) and determine whether "extraordinary and compelling reasons warrant" a sentence reduction consistent with "applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582 (c)(1)(A).

1. Extraordinary and Compelling Reasons

Defendant argues that he is eligible for sentence modification for extraordinary and compelling reasons because his underlying health conditions make him particularly vulnerable to COVID-19. Specifically, he has fatty liver disease, hypertension, and obesity, as indicated by a Body Mass Index (BMI) of approximately 37. (Mot. to Recon. at 3; Response at 2.) A defendant may show extraordinary and compelling reasons exist if he or she is "suffering from a serious physical or mental condition," among other conditions. *See* U.S.S.G § 1B1.13, cmt n.1(A)(i)–(ii). In the context of the current COVID-19 pandemic, the CDC has designated certain pre-existing conditions as increasing a person's risk for developing serious illness from COVID-19, including obesity (designed as a BMI of 30 or higher). *See Groups at Higher Risk for Serious Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. The CDC has also identified a potential for increased risk for severe illness from COVID-19 for individuals with

hypertension and liver disease. *Id.* The Government concedes that Defendant's medical conditions constitute extraordinary and compelling circumstances amidst the current pandemic. (Response Br. at 2.) Accordingly, Defendant has met his burden to demonstrate that "extraordinary and compelling reasons" exist to warrant early release.

### 2. Danger to Others or the Community

Even where extraordinary and compelling reasons exist, the court must consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1.B1.13(1)(A), (2) cmt. n. 1. To make this assessment, the Court is directed to the factors set out in § 3142(g), including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose. These factors overlap with the § 3553(a) factors.

Defendant contends he is not a danger to others or the community under § 3142(g). Defendant was convicted of a non-violent drug-trafficking offense and thus, he argues the nature and circumstances of his offense do not indicate a future danger to others or the community upon release. (Mot. for Comp. Rel., ECF No. 71, at 18.) The Court has granted compassionate release for similar non-violent crimes. *See, e.g.*, *Mondaca*, 89-CR-655 DMS, 2020 WL 1029024, at *4 (granting motion for compassionate release and finding conspiracy to possess cocaine with intent to distribute was a "non-violent drug offense.") Defendant also notes he did not have any criminal history before this case, did not receive any disciplinary infractions while in BOP custody, had no incidents while on pretrial release, and was designated to a low-security camp. (Mot. for Comp. Rel. at 18.) While on pretrial release, Defendant found a job, enrolled in college and spent time with his wife and newborn child. (Mot. to Recon. at 14.) Finally, Defendant enjoys strong family support. His family includes his mother, stepfather, two sisters, wife, and young son. They reside in Yuma, Arizona, and invite Defendant's return home, if released. (*Id.* at 18-19.)

The record reveals Defendant is not a danger to others or the community. Defendant has therefore satisfied the § 3142(g) factors.

### 3. Section 3553(a) Factors

Section 3553(a) provides that the court "shall impose a sentence sufficient, but not greater than necessary," and in doing so, may consider, among other things: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence imposed; and (3) the kinds of sentences available. Like the § 3142(g) factors, these § 3553(a) factors weigh in favor of releasing Defendant. The parties agree Defendant satisfies the § 3553(a) factors and merits some form of early release.

Defendant was scheduled to be released from BOP custody on October 18, 2020, (Mot. for Comp. Rel. at 19), and was approved for early release to RCC Brawley in Imperial County, California. (Mot. to Recon. at 5.) However, given the presence of COVID-19 at RCC Brawley and Defendant's vulnerability to the virus, Defendant requests a sentence modification to time served or home detention. The Government requests that the remainder of Defendant's sentence be served through home confinement. The Court agrees.

Defendant may serve the balance of his sentence through home detention. He will reside with his family in Yuma, Arizona, and the remaining term of home confinement will be an affirmative condition of his three-year term of supervised release. Defendant is already in quarantine. Upon completion of his quarantine, Defendant will be released from the BOP and permitted to serve the balance of his sentence as indicated.

## III.
## CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED, as follows:

1. Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (ECF No. 81), is GRANTED; and

2. Defendant shall serve the remainder of his sentence in home confinement, effective upon filing of this Order and as reflected in the Amended Judgment issued concurrently herewith.

**IT IS SO ORDERED.**

Dated:  July 8, 2020

_____
Hon. Dana M. Sabraw
United States District Judge